The decision below is signed as a decision of the court.

Signed: November 15, 2007.



```
_____
       S. Martin Teel, Jr.
   United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
ELLIOTTE PATRICK COLEMAN,       )    Case No. 06-00254
                                )    (Chapter 13)
            Debtor.             )
_____  )
                                )
ELLIOTTE PATRICK COLEMAN,       )
                                )
            Plaintiff,          )
                                )
       v.                       )    Adversary Proceeding No.
                                )    07-10023
NATIONAL COMMUNITY              )
REINVESTMENT COALITION,         )    Not for Publication in
                                )    West's Bankruptcy Reporter
            Defendant.          )
```

MEMORANDUM DECISION RE MOTION TO DISMISS

The defendant has filed a motion to dismiss for lack of standing, contending that only the chapter 13 trustee is authorized to sue on estate causes of action, and citing <u>Pacific Mortg. and Inv. Group, Ltd. v. Horn</u>, 100 Md.App. 311, 641 A.2d 913 (1994), as supporting this contention.  However, the point was academic dicta in <u>Pacific Mortgage</u>.  The court held that the cause of action at issue had been abandoned from the bankruptcy estate before the defendant's motion to dismiss was addressed,

and that the debtor Horn's premature filing of her complaint, if she lacked standing initially to pursue the action, was no bar to her continuation of her action once abandonment occurred.

In any event, Pacific Mortgage erroneously relied on cases decided under chapter 7 of the Bankruptcy Code (or decided under the Bankruptcy Act) in assuming that a debtor in a case under chapter 13 of the Bankruptcy Code lacks standing to pursue a cause of action that is property of the estate.  It is now well settled that a debtor in a case under chapter 13 of the Bankruptcy Code is authorized to sue on a cause of action that has become property of the estate.  See Cable v. Ivy Tech State Coll., 200 F.3d 467 (7th Cir. 1999); Olick v. Parker & Parsley Petroleum Co., 145 F.3d 513 (2d Cir. 1998).

An order follows denying the motion to dismiss.

[Signed and dated above.]

Copies to: All counsel of record; Cynthia A. Niklas, Chapter 13 Trustee; Office of U.S. Trustee.