The order below is hereby signed.

Signed: May 11, 2009.



_S. Martin Teel Jr._____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | Case No. 06-00254 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10023 |
| NATIONAL COMMUNITY | ) | |
| REINVESTMENT COALITION, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

The plaintiff Elliotte Patrick Coleman served his discovery requests on January 19, 2008, and responses were due by February 21, 2008.  He does not dispute that the defendant ("NCRC") told him (through counsel) on February 25, 2008, that NCRC's discovery responses were nearly complete and that they would be submitted once each of the documents requested by Coleman was obtained and copied.  Coleman filed his motion to compel on February 29,

2008.   On March 4, 2008, NCRC submitted its responses to Coleman's discovery twelve days late.

Coleman does not contest that NCRC provided responses on March 4, 2008.   Coleman contests the adequacy of the objections to certain questions he posed by way of interrogatories, but I agree with NCRC that the questions were not reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, the motion to compel is moot, other than as to the question of sanctions.   NCRC's counsel represented to Coleman on February 25, 2008, that the responses were nearly complete, but does not dispute that it refused to give a specific time by which responses would be filed.   In that same conversation, NCRC emphasizes, NCRC's counsel extended the time for Coleman to respond to NCRC's discovery, but Fed. R. Civ. P. 26(d)(2) contemplates that NCRC's discovery did not require Coleman to delay pursuit of his discovery.   Although there was a delay of twelve days in responding (because NCRC was still gathering all of the requested documents) (and a delay of only eight days after the conversation of February 25, 2008), NCRC could have sought an enlargement of time to respond instead of putting Coleman to the burden of protecting himself (instead of hoping that only a few days would pass before NCRC responded to his discovery).

But Coleman is proceeding pro se and thus has incurred no attorney's fees, and Fed. R. Civ. P. 37(a)(5)(A) does not entitle

him to be compensated for his time.  See Manion v. American

Airlines, Inc., 395 F.3d 428, 433 (D.C. Cir. 2004).  His expenses

incurred (for photocopying, etc.) should be relatively modest,

but if he wants to pursue them, he may do so.  It is thus

     ORDERED that Coleman's Motion to Compel Discovery and to

Request Sanctions (assigned Docket Entry Nos. 49 and 50) is

dismissed as moot except that within 28 days after entry of this

order, Coleman can file a statement of reasonable expenses he

incurred in pursuing the Motion to Compel Discovery and to

Request Sanctions (but not for the reply he filed on March 24,

2008 (Docket Entry No. 59), with NCRC to file any opposition to

that statement within 21 days after its filing.

                                        [Signed and dated above.]

Copies to: All counsel of record; Cynthia A. Niklas, Chapter 13
Trustee; Office of U.S. Trustee.