The order below is hereby signed.

Signed: May 11, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | Case No. 06-00254 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10023 |
| NATIONAL COMMUNITY | ) | |
| REINVESTMENT COALITION, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER RE (1) DEFENDANT'S
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS, AND
(2) DEFENDANT'S SECOND MOTION TO COMPEL AND FOR SANCTIONS

The defendant National Community Reinvestment Coalition ("NCRC") served discovery on the plaintiff Elliotte Patrick Coleman on December 11, 2007, and, when Coleman denied receiving the discovery, re-served it on him on February 25, 2008. Even viewing February 25, 2008, as the date of service, Coleman's responses would have been due March 31, 2009. He failed to file responses to that discovery until April 4, 2009. The facts set

forth in NCRC's request for admissions were thus admitted.

NCRC's discovery also included interrogatories and a request for production of documents. With a discovery completion deadline of April 18, 2008, looming, NCRC filed a Motion to Compel Discovery and for Sanctions on March 20, 2008 (Docket Entry ("DE") No. 56). Coleman failed to file an opposition to the motion. Coleman did not respond to the discovery until April 4, 2008, more than thirty days after both the initial service of the discovery on December 11, 2007, and the re-service of the discovery on February 25, 2008. The motion is moot except for the request (renewed in a second unopposed motion addressed below) that the request for admissions be admitted, and the question of sanctions. With the deadline for completing discovery looming, NCRC was fully justified in filing its motion,

and Coleman has not shown that sanctions are unwarranted.[1]

The responses to interrogatories and to the request for production of documents were deficient, leading NCRC to file its Second Motion to Compel and for Sanctions (assigned DE Nos. 63 and 65). Coleman has failed to file an opposition to that motion, and it sets forth good grounds for granting the motion.

It is thus

ORDERED that, as requested in both motions, each of the Defendant's Requests for Admission are deemed admitted. It is further

ORDERED that the defendant NCRC is granted its reasonable expenses, including reasonable attorneys' fees, incurred in

---

[1] Coleman contended, in reply to the opposition to his own motion to compel discovery (an opposition in which NCRC pointed to Coleman's long delay in responding to NCRC's discovery served December 11, 2007), that NCRC had failed to serve him on December 11, 2007. But Coleman never responded to NCRC's Motion to Compel Discovery and for Sanctions, and I will assume that he decided not to further pursue his contention that the discovery was not served on December 11, 2007. If Coleman had raised the contention in an opposition to NCRC's Motion, NCRC would have been entitled to file a reply (which could have included an affidavit of the attorney who served NCRC's discovery papers attesting to their being served on December 11, 2007). In any event, Coleman concedes that he *was* served on February 25, 2008, and cannot dispute that he failed to timely respond regardless of whether December 11, 2007, or February 25, 2008, is used as the date of service. If Coleman had answered the discovery within 30 days after the re-service on February 25, 2008, and indeed had not received the discovery when it was served on December 11, 2007, that might have been a factor in favor of not imposing sanctions, but he was late even using the February 25, 2008 date. Coleman never sought an enlargement from the court of time for responding to the discovery.

pursuing the Defendant's Motion to Compel and for Sanctions (DE No. 56), and that the Defendant's Motion to Compel and for Sanctions is dismissed as moot with respect to the request to order Coleman to file answers to interrogatories and a response to the request to produce documents.  It is further

ORDERED that the Defendant's Second Motion to Compel and for Sanctions (assigned DE Nos. 63 and 65) is GRANTED.  It is further

ORDERED that the defendant NCRC is granted its reasonable expenses, including reasonable attorney's fees, incurred in pursuing the Defendant's Second Motion to Compel and for Sanctions.  It is further

ORDERED that the plaintiff Coleman shall provide full and complete responses to the defendant's Interrogatories and Requests for Production of Documents, as identified in NCRC's counsel's letter of April 17, 2008, to plaintiff, no later than May 25, 2009.  It is further

ORDERED that the defendant NCRC may file a statement of its reasonable expenses, including reasonable attorney's fees, incurred in pursuing the two aforesaid Motions within 28 days after entry of this order, and that the plaintiff Coleman may file an opposition to the reasonableness of those expenses within 21 days after the filing of the same.

[Signed and dated above.]

Copies to: All counsel of record; Cynthia A. Niklas, Chapter 13 Trustee; Office of U.S. Trustee.