The document below is hereby signed.

Signed: May 11, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | Case No. 06-00254 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10023 |
| NATIONAL COMMUNITY | ) | |
| REINVESTMENT COALITION, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DENYING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

In this action for alleged fraud by the defendant, the motion for summary judgment filed by the plaintiff, Coleman, includes no affidavits or deposition transcript. That reason suffices to require denial of the motion.

Even assuming that the exhibits attached to the motion come, in large part, from the files of the defendant ("NCRC") and would largely be admissible into evidence as admissions of a party,

Coleman's failure to include a statement of material facts not in genuine dispute frustrates the orderly disposition of the motion, and that too suffices as a basis to deny the motion.

Coleman contends that Parker, a NCRC employee, purported to act on his behalf to arrive at a workout with Coleman's mortgagee (Countrywide).  But Parker demanded that Coleman's payments to be used to stave off foreclosure by Countrywide were to be made payable to Parker, not NCRC.  The payments were not used for that purpose, and Parker was not genuinely attempting on Coleman's behalf to reach a workout with Countrywide that would be beneficial to Coleman (and misled Coleman into not making mortgage payments directly to Countrywide).  A finder of fact could conclude that all of that alleged conduct is contrary to NCRC policy, conduct that NCRC had not authorized Parker to engage in, conduct that was not for the benefit of NCRC, and a tort by Parker that was not a reasonably foreseeable result of the employment relationship.  In <u>Schecter v. Merchants Home Delivery, Inc.</u>, 892 A.2d 415, 428 (D.C. 2006), the Court of Appeals relied on the observations in the Restatement (Second) of Agency (1958) §§ 228, 235, and 235 cmt. a that a servant's acts are beyond the scope of the employment if "too little actuated by a purpose to serve the master," that "[a]n act of a servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on

account of which he is employed," and that "[i]t is the state of the servant's mind which is material.  Its external manifestations are important only as evidence.  Conduct is within the scope of employment only if the servant is actuated to some extent by an intent to serve his master."  The Court of Appeals then concluded, id., that:

> "[t]he employer will not be held liable for those willful acts, intended by the agent only to further his own interest, not done for the employer at all." [Penn Cent. Transp. Co. v. Reddick, 398 A.2d 27 (D.C. 1979)] at 31 (citations and internal quotation marks omitted); accord, Hechinger Co. v. Johnson, 761 A.2d 15, 24 (D.C. 2000).

A finder of fact could conclude that Parker's willful act of defrauding Coleman of his $2,000 and misleading him as to Countrywide were done to further his own interests, not those of NCRC.  Accordingly, Coleman has not shown that by way of summary judgment that NCRC can be held liable for Parker's unauthorized acts as within the scope of his employment.  See M.J. Uline Co. v. Cashdan, 171 F.2d 132, 134 (D.C. Cir. 1949) (hockey player's attempt to strike an opposing player with his stick would not be an act within the scope of his employment if the hockey player "at the moment he struck the blow, [was] completely indifferent to the work he was employed to do and actuated only by anger or hostility toward the man he tried to injure." Id. at 134.)

In any event, the motion's exhibits raise an issue of whether Parker's acts ultimately were the cause of Coleman's

suffering a foreclosure, or whether, instead, it was Coleman's failure (after being advised that NCRC had fired Parker) to provide NCRC with necessary information to achieve a workout with Countrywide that led to a foreclosure being set.

In accordance with the foregoing, it is

ORDERED that Coleman's Motion for Summary Judgment is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Cynthia A. Niklas, Chapter 13 Trustee; Office of U.S. Trustee.