The document below is hereby signed.

Signed: July 27, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
ELLIOTTE PATRICK COLEMAN,          )   Case No. 06-00254
                                   )   (Chapter 13)
            Debtor.                )
_____)
                                   )
ELLIOTTE PATRICK COLEMAN,          )
                                   )
            Plaintiff,             )
                                   )
       v.                          )   Adversary Proceeding No.
                                   )   07-10023
NATIONAL COMMUNITY                 )
REINVESTMENT COALITION,            )   Not for Publication in
                                   )   West's Bankruptcy Reporter
            Defendant.             )
```

MEMORANDUM DECISION AND ORDER RE "REQUEST FOR RECONSIDERATION OF
ORDER'S IMPOSING SANCTIONS, GRANTING DEFENDANT'S MOTIONS TO
COMPEL DISCOVERY, DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND FOR HEARING"

The plaintiff Coleman has filed a motion against the defendant ("NCRC") entitled "Request for Reconsideration of Order's Imposing Sanctions, Granting Defendant's Motions to Compel Discovery, Denying Plaintiff's Motion to Compel Discovery and for Hearing." (Docket Entry ("DE") No. 98.) The motion will be denied.

I

Coleman seeks reconsideration of the Memorandum Decision and Order granting NCRC's motions to compel.  The grounds he raises are insufficient to warrant granting his request.

A.

Coleman's principal contention is that an oral hearing was required before the court could grant the motions to compel and direct an award of expenses for the pursuit of the motions.  However, the rules do not require an oral hearing, but rather permit an award of expenses only "after affording an opportunity to be heard."  As expressly set forth under the rules, this phrase was used "to make clear that the court can consider [the granting of reasonable expenses] on written submissions as well as on oral hearings."  Fed. R. Civ. P. 37(a) advisory committee's note (1993); *accord*, *Rose v. First Colony Community Services Ass'n, Inc.*, 1999 WL 1068252, *1 (5th Cir. Oct. 22, 1999) ("An oral hearing is not required.  The Advisory Committee Notes state that the court may consider awards of expenses either on written submissions or in an oral hearing.")  Coleman had the opportunity and failed to file oppositions to the motions, and the court was well justified in granting the motions as they set forth adequate grounds for granting the relief sought.

B.

Coleman also contends that his responses were timely because (1) he was not served the discovery on December 11, 2007, but instead on February 25, 2008, and (2) that he timely faxed responses to the discovery on April 2, 2008, when February 25, 2008, is used as the service date.  First, Coleman did not file an opposition to the initial motion to compel of March 20, 2008 (*see* DE No. 56), which was the appropriate time for him to take issue with whether he was served on December 11, 2007.  Because he failed to do so, this court was entitled to treat December 11, 2007 as the date of service of discovery, and therefore to treat the motion to compel of March 20, 2008 as not premature.

Regardless, Coleman is incorrect in arguing that his April 2, 2008 responses were timely even with a February 25, 2008 date of service.  Pursuant to Fed. R. Bankr. P. 7036(a)(3), which adopts Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Calculating the 30-day time period, as set forth in Fed. R. Bankr. P. 9006, and taking into account that February 2008 was a leap year, Coleman had until March 31, 2008 to respond (30 days from February 25, 2008 was March 26, 2008; the three additional days, as added by Fed. R. Bankr. P. 9006(f), moved the

3

deadline to March 29, 2008 - a Saturday; which, by operation of Fed. R. Bankr. P. 9006(a), moved the deadline to the next non-holiday, weekday - i.e. March 31, 2008). Coleman's April 2, 2008 responses were therefore untimely, and the requested admissions were deemed admitted.

C.

Finally, Coleman contends that the discovery was inappropriate. But Coleman failed to raise that in a response to the motion, and the court's review of the discovery did not suggest that it was plainly not reasonably calculated to lead to the discovery of admissible evidence.

D.

In any event, NCRC timely filed its statement of attorney's fees incurred in pursuing the motions to compel (DE No. 95), and Coleman neglected to file a timely opposition to the statement. He has not shown excusable neglect warranting his being allowed, out of time, to contest the award of fees sought.

II

Coleman also seeks reconsideration of the Memorandum Decision and Order ruling on his own motion to compel discovery, but the court ruled that the objections to the part of the discovery not provided were proper, and as to the discovery belatedly provided, directed that Coleman recover his reasonable expenses (which he elected not to pursue). There is no good

reason to vacate the order ruling on Coleman's motion to compel.

III

In accordance with the foregoing, it is

ORDERED debtor's "Request for Reconsideration of Order's Imposing Sanctions, Granting Defendant's Motions to Compel Discovery, Denying Plaintiff's Motion to Compel Discovery and for Hearing" is DENIED.

[Signed and dated above.]


Copies to: All counsel of record; Cynthia A. Niklas, Chapter 13 Trustee; Office of U.S. Trustee.