The document below is hereby signed.

Signed: April 23, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | Case No. 06-00254 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10023 |
| NATIONAL COMMUNITY | ) | **Not for Publication in** |
| REINVESTMENT COALITION, | ) | **West's Bankruptcy Reporter** |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS</u>

The defendant, National Community Reinvestment Coalition ("NCRC"), has filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(b) & (d), made applicable to this proceeding by Fed. R. Bankr. P. 7037, based upon the plaintiff's continued failure to comply with his discovery obligations, as well as his refusal to comply with the court's May 12, 2009 order granting Defendant's Second Motion to Compel and for Sanctions. The plaintiff having failed to respond, and good cause having been shown, the court

will dismiss this adversary proceeding.  The court will not, however, award attorney's fees in favor of NCRC absent a further motion by NCRC based on grounds other than Rule 37.

I

"'[U]nder Rule 37, the district court has broad discretion to impose sanctions for discovery violations[,]' and to determine what sanctions to impose." *Kister v. District of Columbia*, 229 F.R.D. 326, 329 (D.D.C. 2005) (quoting *Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996)).  When deciding on the appropriate sanction to impose under Rule 37, "[t]he central requirement is that any sanction must be just . . . ." *Bonds*, 93 F.3d at 808.  Dismissal pursuant to Rule 37 typically involves a party who has "engaged in a pattern of disobedience or noncompliance with court orders . . . so that the court concludes that no lesser sanction is warranted." *S.E.C. v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE 2d, § 1531 at 312.  When considering dismissal as a sanction, the court is required to "consider whether lesser sanctions would be more appropriate for the particular violation." *Bonds*, 93 F.3d at 808.  Indeed, "dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success or would obviously prove futile." *Id.*

2

In this adversary proceeding, the plaintiff continues to disregard his discovery obligations and he has likewise failed to comply with this court's order directing compliance.[1] The court previously awarded attorney's fees in favor of NCRC based upon the plaintiff's failure to meet his discovery obligations, but that sanction has been ineffective and has not resulted in compliance. Accordingly, the court deems it appropriate to dismiss this proceeding pursuant to Rule 37. *See* Rule 37(b)(2)(A)(v), (d), & Fed. R. Bankr. P. 7037.

II

In addition to dismissal of this adversary proceeding, NCRC asks the court to impose further Rule 37 sanctions on the plaintiff by awarding NCRC it legal expenses, including attorney's fees, for bringing its motion to dismiss. Rule 37(d)(3) provides that:

> Instead of or in addition to [any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

---

[1] On May 12, 2009, the court entered an order granting NCRC's second motion to compel and for sanctions (Dkt. No. 86). The order provided, *inter alia*, "that the plaintiff Coleman shall provide full and complete responses to the defendant's Interrogatories and Requests for Production of Documents, as identified in NCRC's counsel's letter of April 17, 2008, to plaintiff, no later than May 25, 2009." According to NCRC's unopposed motion to dismiss, the plaintiff has not complied with this directive.

The court previously awarded attorney's fees in favor of NCRC for the pursuit of its March 20, 2008, and May 6, 2008 motions to compel.  Now, in light of the plaintiff's continued failure to meet his discovery obligations, the court is imposing the harsh sanction of dismissal based upon essentially the same discovery violations that gave rise to NCRC's previously filed motions to compel.  Although it does not give the plaintiff license to disregard his discovery obligations, the court also observes that the plaintiff is a *pro se* litigant who was, until recently, a debtor in bankruptcy.  Under the circumstances, the court finds that it would be unjust to impose a further Rule 37 sanction on the plaintiff by awarding NCRC its attorney's fees for bringing this motion to dismiss.  *See Elliott v. U.P.S., Inc., 2009 WL 213004 *2 (W.D. Wash. Jan. 28, 2009)* (granting the defendant's motion to dismiss based upon plaintiff's discovery violations, but holding that "it would be unjust to require a *pro se* plaintiff to pay fees and costs" under Rule 37(d)(3) in connection with her discovery violations); *Miller v. Sprint Communications*, 1997 WL 910426 *2 (W.D.N.C. Dec. 31, 1997) (not in the interest of justice to award attorney's fees under Rule 37 against indigent plaintiff in addition to sanction of dismissal).

III

It is thus

ORDERED that NCRC's request for attorney's fees pursuant to Rule 37 is DENIED without prejudice to the filing of a motion, within 21 days after the entry of the judgment, seeking to recover such fees on some basis other than Rule 37.  It is further

ORDERED that NCRC's motion to dismiss (Dkt. No. 121) is otherwise GRANTED.

[Signed and dated above.]

Copies to:

All counsel and parties of record; Office of U.S. Trustee.