The document below is hereby signed.

Signed: July 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| ELLIOTTE PATRICK COLEMAN, ) | Case No. 06-00254 |
| ) | (Chapter 13) |
|     Debtor. ) | |
| _____ ) | |
| ) | |
| ELLIOTTE PATRICK COLEMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Adversary Proceeding No. |
| ) | 07-10023 |
| NATIONAL COMMUNITY ) | |
| REINVESTMENT COALITION, ) | Not for Publication in |
| ) | West's Bankruptcy Reporter |
|     Defendant. ) | |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO PROCEED IN FORMA PAUPERIS

The plaintiff, Elliotte Patrick Coleman, has filed a notice of appeal (Dkt. No. 127) and a related motion to proceed *in forma pauperis* (Dkt. No. 130). The court will deny the plaintiff's motion without prejudice to the plaintiff's right to file a renewed motion that includes the appropriate affidavit regarding his assets and ability to pay the fee.

As this court has previously observed, courts are divided

regarding whether a bankruptcy court has the power to grant a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1]  *See In re Richmond*, 247 Fed. Appx. 831, at *1-2 (7th Cir. 2007).  Even if the court does generally have the power to grant such motions, however, § 1915(a)(1) requires any party seeking to proceed without prepayment of fees to "submit an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor."  Although the plaintiff represents that he is "not employed in manner to afford fee at this time," that is not sufficient to establish financial eligibility to proceed *in forma pauperis* under § 1915(a).[2]  It is thus

ORDERED that the plaintiff's motion to proceed in *forma pauperis* (Dkt. No. 130) is DENIED without prejudice to the filing of a renewed motion to proceed *in forma pauperis* that includes an affidavit that satisfies the requirements of 28 U.S.C. § 1915(a)(1).  It is further

---

[1] Section 1915 of 28 U.S.C. authorizes the waiver of fees by "any court of the United States."  Courts disagree over whether a bankruptcy court is a "court of the United States" within the meaning of that statute.

[2] Under 28 U.S.C. § 1930(f), the court has additional authority to waive fees in the case of a chapter 7 debtor whose income is less than 150 percent of the income official poverty line, and who is unable to pay the fee in installments.  Mr. Coleman's main bankruptcy case, however, was a case under chapter 13 of the Bankruptcy Code (11 U.S.C.), and the court thus lacks the authority to waive the notice of appeal fee under 28 U.S.C. § 1930(f).

ORDERED that if the debtor fails, within 14 days after entry of this order, to file a renewed motion that properly includes a 28 U.S.C. § 1915(a)(1) affidavit, the court shall direct the clerk to transmit a copy of this order to the clerk of the district court so that the district court is aware of the debtor's failure to comply with Rule 8001(a), which requires that a notice of appeal be accompanied by the prescribed fee.

[Signed and dated above.]

Copies to: All parties and counsel of record.